W. H. WHITE v. S. O. SANDERSON and Others.

October 25, 31, 1898.

No. 11,496.

Election — Nomination of Candidates — Convention May Delegate Power to Committee—Judge of Probate.
    A duly assembled convention of a political party may delegate its power, and confer upon a duly selected or properly designated committee full authority to nominate candidates for office, to be voted for at an

ensuing election; and such candidates, when so nominated, are entitled to have their names placed on the official ballots as the regular nominees of the party represented by the convention, upon complying with the provisions of the election law in respect to filing certificates of nomination and the payment of nominating fees.

**Same—Certificate of Nomination—Signature by Officers of Committee.**

The certificates of nomination in such cases may be executed by the presiding officer—chairman—and secretary of the nominating committee.

Petition in the supreme court by W. H. White for an order directing S. O. Sanderson, as county auditor of Olmsted county, to receive and file petitioner's certificate of nomination to the office of probate judge of that county, and to print petitioner's name on the official ballot as candidate for said office, or to show cause why he should not do so. An order to show cause was accordingly issued, and respondent Sanderson moved that the order be discharged, on the ground that the petition failed to state facts sufficient to authorize the court to grant the relief prayed for. Motion to dismiss denied, and order to show cause made absolute.

*Thomas Spillane*, for petitioner.

*Callaghan & Granger*, for respondent Sanderson.

COLLINS, J.

The facts herein are undisputed. A duly constituted and organized delegate convention, representing the Democratic party of Olmsted county, was held October 8, 1898, for the purpose of nominating candidates for the various county offices to be voted for at the ensuing election, including a candidate for the office of judge of probate. No nomination was made for this office, but the convention properly adopted a resolution whereby, in accordance with party usage and custom, it authorized the Democratic county committee for said county to nominate a candidate for the said office. October 15, after said convention had adjourned without day, the duly appointed members of the Democratic committee for said county met, and organized by the selection of a chairman and secretary, and then duly nominated the said petitioner, White, as the Democratic candidate for said office. And thereupon the chairman and secretary of said committee duly executed a cer-

tificate of such nomination, which was duly tendered to said respondent county auditor, together with the fees by law required, with a demand that he file the same in his office, and place the petitioner's name on the official ballot about to be printed for use in said county at the approaching November election. The respondent refused to receive said certificate or the fees, or to file the former, and refused to place said name on the ballot. This is a proceeding, under G. S. 1894, § 48, to compel him so to do.

The questions are: First. Can a county convention delegate its power, and confer upon a committee the authority to nominate a candidate for office, who, when so nominated, will be entitled to file a certificate of nomination in accordance with the provisions of G. S. 1894, §§ 36–38, and, upon paying the prescribed fee, to have his name placed on the official ballot as the regular nominee of the party represented by the convention? Second. If it can, should the certificate of nomination be executed by the presiding officer and secretary of the convention, or by the chairman and secretary of the committee?

We are clearly of the opinion that, if such a proceeding is in accordance with party usage and custom, a convention can delegate its power and authority to make nominations to a committee duly selected or designated for that purpose. And we are also of the opinion that, when a nomination is made in this manner, a certificate thereof executed, in form, by the chairman and secretary of the committee, is all that is required, under the law. Section 38, supra. In the case of Manston v. McIntosh, 58 Minn. 525, 60 N. W. 672, it was said that in this election law (Laws 1893, c. 4) there is a total absence of anything which indicates that the legislature intended to regulate the manner in which political parties should proceed to organize conventions, or in making nominations. It was also said that it was not the purpose of the legislature to suppress and prevent well-known usages and practices in regard to political conventions. And it was held that nominations might be made at mass conventions, the members of which had not been elected as delegates at primaries or caucuses. The law was interpreted in this respect in accordance with what seemed to be its spirit and intent, and not strictly or technically. In the very recent case of Phillips v. Galla-

gher, 73 Minn. 528, 76 N. W. 285, it was stated that a political convention has control over its own proceedings and officers, in the absence of statutory regulations, and may proceed according to party usages and customs. The convention in question was not prohibited by any statute from conferring its right to nominate upon the county committee, and it stands admitted that this method of naming a candidate is in accordance with party usage and custom. In fact, this practice of referring nominations to committees composed of members of the convention, or organized for campaign purposes, with power to act until another convention is held and another committee is selected, is a matter of common knowledge. We are not to suppose that the legislature intended to prohibit the well-known methods of procedure, in the absence of any reference to them. The statute in Montana[1] is substantially the same as our own in reference to nominations, and in 1893 it was there held by the supreme court that under their statute a political convention had power to delegate its authority to nominate to a committee, and that such a nomination, made after the convention adjourned, was in effect the act of the convention itself, and therefore valid. State v. Benton, 13 Mont. 306, 34 Pac. 301. It was well stated in the opinion that if the power and authority to nominate were conferred upon a committee by the convention, and before its adjournment a nomination was reported, acted upon, and ratified, no one would contend that the nomination was not the act of such convention. And then the court, at page 326, proceeded:

"Such supposititious case differs from the facts in the case before us in only one particular: Instead of the convention ratifying the act of the committee after it was done, as above illustrated, it, in the actual case before us, ratified the act of the committee in advance, and did so expressly."

When the convention in question here delegated to the county committee its right and authority to make a nomination for the office of judge of probate, it approved and ratified in advance, and in express terms, the nomination subsequently made. A nomination so made must be deemed to be the act of the convention itself. As before stated, the certificate may be executed by the

1 Laws 1889, pp. 135-145.

chairman, who is the presiding officer and the secretary of the committee. The presiding officer and secretary of the convention would have no actual knowledge of the action of the committee, unless they happened to be members of that body, and therefore, under ordinary circumstances, unable to verify the nominating certificate as by law required. To hold that this document must be executed by the officers of the convention would practically nullify our interpretation of the statute as to nominations made by a committee. Again, this view of the proper method of certifying, where a committee nominates is in line with the provision (section 45) respecting the certificate where a vacancy occurring after a nomination has been filled by a committee. Such certificate is executed by the chairman and secretary of the committee naming the candidate. As a formal order has heretofore been entered, directing that the motion to dismiss be denied, and that the order to show cause be made absolute, nothing more remains to be done.